Filed 3/11/22  P. v. Ogura CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KARL KATSUMI OGURA,<br><br>    Defendant and Appellant. | 2d Civ. No. B303322<br>(Super. Ct. No. KA089210)<br>(Los Angeles County) |

A trial judge resentences under Penal Code section 1170.95, subdivision (e).[1]  The target offense was not charged. The trial court has discretion to resentence on an offense not charged that reflects the culpability of the defendant.  We reverse and remand for a retrial on section 186.22, a gang enhancement. In all other respects, we affirm.

FACTS

In December 2011, a jury found Karl Katsumi Ogura guilty of first degree murder (§§ 187, subd. (a), 189) and found true that

_____

[1] All statutory references are to the Penal Code.

the murder was committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) The trial court sentenced Ogura to 25 years to life for the murder, plus 10 years for the gang enhancement.

On appeal, we reduced Ogura's conviction to second degree murder pursuant to *People v. Chiu* (2014) 59 Cal.4th 159, reduced the sentence to 15 years to life, and struck the gang enhancement on the People's concession that it was improperly imposed. (*People v. Ogura* (Nov. 13, 2014, B239122) [nonpub. opn.].)

*Section 1170.95 Petition*

In April 2019, Ogura filed a petition for resentencing under section 1170.95. He alleged he was convicted of murder under the natural and probable consequences doctrine and could not now be convicted of murder because of changes to sections 188 and 189.

The prosecution conceded that Ogura is entitled to relief under section 1170.95. The only question was the target offense for the purpose of resentencing. The "target offense" is the intended offense from which the natural and probable consequences arise. (*People v. Medina* (2009) 46 Cal.4th 913, 920.) The target offense was not charged at trial.

Ogura argued the target offense is simple battery. (§ 242.) That is the only offense advanced by the prosecution at trial and on which the jury was instructed.

The People argued the target offense is assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) That is the offense justified by the facts of the case. The People pointed out that Ogura joined Christopher Hernandez in hitting and kicking the victim as he fell to the ground.

The trial court found the target offense is assault by means likely to produce great bodily injury.  The court sentenced Ogura to the upper term of four years.

DISCUSSION

Section 1170.95, subdivision (a) provides:  "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

The parties do not dispute that Ogura qualifies for relief under subdivision (a) of section 1170.95.  The only question is on what offense or offenses may he be resentenced.  Other than the murder offense, there are no charged offenses remaining after Ogura's direct appeal.  The target offense, battery, was not charged.

Section 1170.95, subdivision (e) provides, in part, "If petitioner is entitled to relief pursuant to this section, murder was charged generically, and the target offense was not charged,

the petitioner's conviction shall be redesignated as the target offense . . . for resentencing purposes."

In *People v. Howard* (2020) 50 Cal.App.5th 727, a jury convicted the defendant of felony murder. The uncharged target offense was burglary. The jury was instructed on burglary, but not the degree. The trial court found defendant was entitled to relief under section 1170.95. The question on resentencing was whether the defendant should be resentenced on first or second degree burglary. The court resentenced on first degree burglary because the burglary was of a residence. The Court of Appeal affirmed because the evidence established beyond dispute that it was first degree burglary. (*Howard*, at p. 738.) In affirming, the court said, "[T]he Legislature intended to grant the trial court flexibility when identifying the underlying felony for resentencing under [section 1170.95,] subdivision (e)." (*Id.* at p. 739.)

The trial court's flexibility in identifying the underlying felony was recently confirmed in *People v. Silva* (2021) 72 Cal.App.5th 505. Silva was convicted of two counts of felony murder resulting from a home invasion robbery committed with four others. Originally, Silva was charged with two counts of murder and six counts of robbery, one for each victim. Prior to trial the prosecution amended the information to eliminate the robbery charges and proceeded to trial only on the murder charges. Silva petitioned for relief under section 1170.95. The trial court vacated the murder convictions. The only question was on what offenses could Silva be resentenced. The court sentenced Silva on five counts of home invasion robbery in concert (§ 231, subd. (a)(1)(A)), even though such counts had never been charged. In affirming, the Court of Appeal said, "Subdivision (e) of section 1170.95 appears to invest the superior

4.

court with considerable discretion in redesignating the petitioner's murder convictions as underlying felonies and resentencing a petitioner to an appropriate term of years based on his or her individual culpability. We believe the court may consider the full extent of the petitioner's criminal conduct." (*Silva*, at p. 532.)

Here Ogura's individual culpability goes beyond simple battery. He joined Hernandez in hitting and kicking the victim as he fell to the ground. The trial court was well within its discretion in choosing assault by means likely to produce great bodily injury as the appropriate offense for resentencing.

*Section 186.22*

In our prior opinion (*People v. Ogura, supra,* B239122), we struck the gang enhancement imposed under section 186.22, subdivision (b)(1)(C) as improperly imposed with Ogura's life sentence for murder. (See *People v. Lopez* (2005) 34 Cal.4th 1002, 1011.) Now that Ogura's murder conviction has been vacated, the gang enhancement may be imposed on the remaining count. (*People v. Gonzales* (2021) 65 Cal.App.5th 1167, 1174.)

Section 186.22, subdivision (b)(1) provides for sentence enhancement for "a person who is convicted of a felony for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further or assist in criminal conduct by gang members . . . ."

Section 186.22, subdivision (f) defines a "criminal street gang" as "an ongoing, organized association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in subdivision (e), having a common name or common identifying sign or symbol, and whose members

collectively engage in, or have engaged in, a pattern of criminal gang activity."

Section 186.22, subdivision (e)(1) provides, in part: "As used in this chapter, "pattern of criminal gang activity" means the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of, two or more of the following offenses, provided at least one of these offenses occurred after the effective date of this chapter, and the last of those offenses occurred within three years of the prior offense and within three years of the date the current offense is alleged to have been committed, the offenses were committed on separate occasions or by two or more members, the offenses commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational: . . . ."

At trial, the prosecutor introduced evidence of two predicate offenses committed by Bassett gang members listed in section 186.22, subdivision (e), murder and attempted murder. (*Id.*, subd. (e)(1)(C).) But at the time section 186.22, subdivision (e) did not require proof that the predicate offenses commonly benefitted the gang nor that the common benefit is more than reputational. Thus, the prosecutor offered no evidence on those elements. Those elements were added effective January 1, 2022. (§ 186.22, as amended by Stats. 2021, ch. 699, § 3.)

The Attorney General argues Ogura is not entitled to the benefit of the changes to section 186.22 because Ogura's case was final before the changes became effective. (Citing *In re Estrada* (1965) 63 Cal.2d 740.) The Attorney General argues the case became final when the Supreme Court denied review of our prior opinion.

But the trial court has now vacated Ogura's murder conviction, the only offense of which he was convicted. Under the circumstances, it cannot be said that the judgment is final. Ogura is entitled to a new trial on the gang enhancement.

DISPOSITION

The judgment (order) is reversed for a new trial on section 186.22. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Juan Carlos Dominguez, Judge

Superior Court County of Los Angeles

_____

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.